[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 20.]

CUYAHOGA COUNTY BAR ASSOCIATION ET AL. *v.* ROCKMAEL.

[Cite as *Cuyahoga Cty. Bar Assn. v. Rockmael*, 2001-Ohio-147.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Withdrawing from employment and failing to promptly refund any fee paid in advance that was not earned—Neglect of an entrusted legal matter—Attempting to exonerate or limit liability to client for personal malpractice—Failing to carry out contract of employment for legal services—Damaging or prejudicing client during course of professional relationship—Failing to maintain complete records of all funds coming into possession and render appropriate accounts to client regarding them—Failing to promptly pay client funds in lawyer's possession that client is entitled to receive—Failing to cooperate in disciplinary investigation.*

(No. 00-2286—Submitted January 31, 2001—Decided May 30, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 99-70 and 00-19.

_____

*Per Curiam.*

{¶ 1} On December 6, 1999, relator, Cuyahoga County Bar Association, filed a two-count complaint charging respondent, Les Evan Rockmael of  Parma Heights, Ohio, Attorney Registration No. 0065107, with several violations of the Code of Professional Responsibility.  On March 7, 2000, relator Cleveland Bar Association filed a three-count complaint against respondent, whose address was then in Parma, Ohio, charging him with conduct violating other rules of the Code

of Professional Responsibility. On April 27, 2000, the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") granted a motion by the Cleveland Bar Association to consolidate the two cases.

{¶ 2} Before the Cleveland Bar Association filed its complaint it was able, after many attempts, to speak with respondent about the grievances filed against him, and it obtained respondent's promise to reply to the grievances. Respondent never replied and never filed an answer to either complaint.

{¶ 3} The matter was referred to a panel of the board, which found that Patricia Yurko hired respondent in August 1997 and paid him a fee of $500 to probate her mother's estate. Thereafter Yurko had difficulty in contacting respondent, and in February 1998, she received a notice from the probate court requiring her to appear with a final accounting for the estate. The attorney who had referred Yurko to respondent assured Yurko that she need not appear so long as respondent filed the appropriate papers. Yurko met in late February 1998 with respondent and signed the papers he had prepared. Respondent did not file the papers timely, nor did he file the papers by the extended deadline, March 6, 1998.

{¶ 4} The panel further found that in April 1996, the Grace family retained respondent in connection with various investments to be made on behalf of the individuals in the family, the companies they had an interest in, and their children. Although respondent was the only authorized signer for the Grace family bank accounts, he was not authorized to withdraw funds until instructed to do so by the family attorney. The Grace family members retained the bank account passbooks to control access to their accounts, totaling approximately $216,000. When the family attorney contacted respondent in December 1998, he discovered that respondent had withdrawn all the funds. Respondent, who required that the Grace family agree to release him from any liability with regard to his misappropriation of the money before he would return the funds, has failed to return $206,686.09, the total amount he took from the Grace family accounts.

**{¶ 5}** In addition, the panel found that in August 1997, Ron Garnett hired respondent and paid him $675 to file a bankruptcy petition. Respondent failed to file the case and Garnett could not contact him. It also found that Luckye Collins engaged respondent in 1995 to represent him in a case in the Supreme Court of Ohio. Respondent obtained a remand of Collins's case to the trial court but did not appear at the trial court hearings on the remand.

**{¶ 6}** The panel finally found that although respondent received certified letters from the Cleveland Bar Association inquiring about the Yurko matter, he failed to respond. He also failed to respond to similar inquiries about the Grace family matter. Nor did respondent reply to letters from the Cuyahoga County Bar Association about the Garnett or Collins matters.

**{¶ 7}** The panel concluded that respondent's actions and failures to act violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on fitness to practice law), 2-110(A)(3) (a lawyer who withdraws from employment shall promptly refund any fee paid in advance that was not earned), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 6-102(A) (a lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment for legal services), 7-101(A)(3) (a lawyer shall not damage or prejudice a client during the course of a professional relationship), 9-102(B)(3) (a lawyer shall maintain complete records of all funds coming into his possession and render appropriate accounts to his client regarding them), 9-102(B)(4) (a lawyer shall promptly pay to the client as requested funds in the possession of the lawyer that the client is entitled to receive), and Gov.Bar R. V(4)(G) (a lawyer shall cooperate with the investigation of a grievance).

**{¶ 8}** The panel recommended that respondent be disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 9}** On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Justin F. Madden* and *Stephen Webster,* for relator Cuyahoga County Bar Association.

*Julie A. Harris* and *Mark T. Freeman,* for relator Cleveland Bar Association.

————————————